IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-156-WKW |
| | ) | [WO] |
| QUINCY B. JONES | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Defendant Quincy B. Jones was convicted on his guilty plea to using a telephone with the intent to commit murder-for-hire, in violation of 18 U.S.C. § 1958(a). (*See* Doc. # 16 (Judgment).) As a result of his conviction, Mr. Jones was sentenced to 120 months' imprisonment on November 1, 2012, to run concurrently with his sentence of 200 months' imprisonment in 1:11-CR-004-WKW. (Doc. # 16.) Mr. Jones's projected release date is July 18, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Jan. 24, 2022). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant has filed a motion seeking an early release from federal prison based on what he contends are extraordinary and compelling reasons. (Doc. # 53.) This is his second such motion; the first motion was denied. (Doc. # 44, at n.1 (Order) (explaining that the denial of his motion for compassionate release "did not come lightly or without lengthy deliberation").) The Government

filed a response in opposition to his motion. (Doc. # 55.) For the reasons to follow, the motion is due to be denied.

## II. DISCUSSION

"[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). Exceptions to this general prohibition lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One such statutory provision, which commonly is referred to as the "compassionate release" provision, is 18 U.S.C. § 3582(c)(1)(A). It offers courts a narrow reprieve to reduce a sentence: As pertinent here, courts, on a defendant's motion, "may reduce the term of imprisonment" after considering all relevant factors in 18 U.S.C. § 3553(a), "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The policy statements that apply to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. Section 1B1.13 "governs all motions under Section 3582(c)(1)(A)," including those filed by inmates, and, therefore, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262 (citing § 1B1.13). A sentence reduction must be consistent with § 1B1.13's definition of "extraordinary

and compelling reasons." That definition delineates four qualifying categories: (A) a defendant's medical condition, which includes a "serious physical or medical condition"; (B) a defendant's age; (C) a defendant's family circumstances; and (D) a catch-all provision for "other reasons . . . *[a]s determined by the Director of the Bureau of Prisons*." § 1B1.13, cmt. n.1(A)–(D) (emphasis added). The catch-all provision, as its text signifies, "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248; *see also id.* at 1262–65. That discretion lies with the Director of the Bureau of Prisons. In addition to requiring an extraordinary and compelling reason for a sentence reduction, § 1B1.13 mandates a judicial determination that "the defendant is not a danger to the safety of any other person or to the community." § 1B1.13(2).

In sum, § 3582(c)(1)(A), as relevant here, contains three preconditions:

> [B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are "extraordinary and compelling reasons" for doing so, and . . . as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement.

*United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). *Tinker* held that a district court can examine these three conditions in any order it chooses. *Id.* If even one of these conditions is rejected, then a defendant is not entitled to a sentence reduction. *Id.* The defendant bears the "burden to establish that he qualifie[s] for

3

compassionate release." *United States v. Smith*, 856 F. App'x 804, 806 (11th Cir. 2021).

Defendant's motion fails on all three of § 3582(c)(1)(A)'s conditions for obtaining compassionate release. Each is discussed.

**A.     Extraordinary and Compelling Reasons**

Defendant contends that he has shown extraordinary and compelling reasons. He cites health issues, which he argues are exacerbated by "the recent outbreak of covid," and he argues that he suffers from "sentencing disparities" due to the alleged miscalculation of his criminal history category in his presentence investigation report ("PSR"). (Doc. # 53 at 2.)

**1.     *Defendant's Medical Conditions and COVID-19***

Defendant argues that he has presented extraordinary and compelling reasons for his release because he is obese and suffers from high blood pressure. He contends that these conditions make him susceptible to severe illness should he contract COVID-19 and that the Bureau of Prisons has not implemented adequate mask requirements to slow the spread of COVID-19. (Doc. # 53, at 2–3.)

"Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and *possibly high blood pressure (hypertension)*" are conditions that the Centers for Disease Control and Prevention ("CDC") has recognized "can make [a person] more likely to get severely ill from COVID-19." *See* CDC, People

4

with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 24, 2022) (emphasis added).  However, a serious medical condition, in order to rise to the level of extraordinary and compelling under § 3582(c)(1)(A)(i), must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and be one "from which [the inmate] is not expected to recover."  § 1B1.13 cmt. n.1(A).

There is insufficient evidence demonstrating that Defendant's medical conditions rise to the level of decline required by § 1B1.13.  Evidence is lacking that Defendant's ability to provide self-care within his institution is substantially diminished.  Additionally, while Defendant complains about BOP's enforcement of a face-mask requirement, Defendant has not shown that the medical personnel at his designated federal correctional institution are unable to provide him adequate treatment for his medical care.  *See United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing 18 U.S.C. § 3553(a)(2)(D))).

Defendant understandably is concerned about the risks COVID-19 and its variants pose to the federal inmate population where he is incarcerated, United States Penitentiary Beaumont ("USP Beaumont").  Fortunately, on the COVID-19 front,

there is a positive development within the BOP. The BOP has administered 287,681 doses of the COVID-19 vaccine to its approximate 36,000 staff and to its 153,855 inmates. *See* BOP COVID-19 Vaccine Implementation, available at https://www.bop.gov/coronavirus/index.jsp (last visited Jan. 24, 2022); BOP Statistics, https://www.bop.gov/about/statistics/population_statistics.jsp (last visited Jan. 24, 2022). While Defendant says that he has refused the COVID-19 vaccine, it appears to be readily available within BOP's facilities: 490 staff members and 3,305 inmates at Federal Correctional Complex Beaumont ("FCC Beaumont") have received two doses of the COVID-19 vaccine.[1] *See* BOP COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/index.jsp (last visited Jan. 24, 2022).

On this record, Defendant's asserted medical conditions, measured against COVID-19 contraction risks, are insufficient to rise to the level of an extraordinary and compelling reason for a sentence reduction.

---

[1] When he filed his motion, Defendant indicated that he was housed at United States Penitentiary ("USP") Allenwood in Pennsylvania. He now is incarcerated at USP Beaumont in Texas, which is one of three facilities at FCC Beaumont. USP Beaumont houses 1,389 inmates; FCI Beaumont Medium houses 1,475 inmates; and FCI Beaumont Low houses 1,973 inmates. *See* BOP, https://www.bop.gov/locations/list.jsp (last visited Jan. 24, 2022). Vaccination statistics are available only for FCC Beaumont as a whole and are not broken down by the individual institutions at FCC Beaumont; however, the numbers reveal that more than fifty percent of the inmates at FCC Beaumont have been fully vaccinated. There is data available on confirmed active cases of COVID-19 at USP Beaumont. Currently, USP Beaumont has one active COVID-19 case among its inmates and twenty-five active cases among its staff. *See* BOP COVID-19 Cases, available at https://www.bop.gov/coronavirus (last visited Jan. 24, 2022).

### 2. *Sentencing Disparities*

Defendant's contention that he suffers from sentencing disparities focuses on the calculation of his criminal history in his PSR. He argues that, but for multiple errors in the PSR, he would fall within a criminal history category of IV, which would reduce his sentencing range from 188–235 months to 151–188 months. (Doc. # 53, at 3–8.) This argument is neither extraordinary nor compelling under controlling caselaw.

Defendant's challenge to his criminal history category is not a ground articulated in § 1B1.13's application notes 1(A) through 1(C), which address "medical, age, and family circumstances." *Bryant*, 996 F.3d at 1262. And, as the Eleventh Circuit held in *Bryant*, only the BOP Director can find "other reasons" for compassionate release under § 1B1.13's catch-all provision in application note 1(D). *See* 996 F.3d at 1264). This court lacks authority to create an additional reason under the catch-all exception. Because his challenge to the PSR is not a ground explicitly identified in § 1B1.13's application notes 1(A) through 1(C), Defendant has not shown an extraordinary and compelling reason to justify a sentence reduction.

### B. The Balancing of the § 3553(a) Factors

The § 3553(a) factors, considered in light of Defendant's "current circumstances" and "his circumstances at the time of his original sentencing," do not warrant early release. *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir.

7

2021). (*See* Doc. # 53, at 8.) These factors include the nature and circumstances of Defendant's offenses, his history and characteristics, and the need "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." § 3553(a)(1), (a)(2)(A)–(C).

To begin on a positive note, Defendant is to be commended for the steps he represents that he has taken while incarcerated to better himself. (*See* Doc. # 53, at 8–9.) He is encouraged to continue these efforts. However, in its prior Order, the court explained in detail the reasons that the balancing of the § 3553(a) factors do not favor release. (Doc. # 44, at n.1.) Those reasons still stand. Based on its familiarity with the record, the court finds that the nature and circumstances of Defendant's offenses, in combination with his history and characteristics to date, do not favor release. *See* § 3553(a)(1). Additionally, as to the other applicable § 3553(a) factors, Defendant's release at this juncture would undercut the gravity of his offenses, diminish public respect for the law, negate the deterrent value of punishment, and weaken the value of a just punishment. *See* § 3553(a)(2). Based on consideration of all the circumstances, the balancing of the applicable § 3553(a) factors does not justify Defendant's release.

C.    **Danger to the Community**

Finally, Defendant must demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13.  All of the factors in § 3142(g) have been considered carefully.  After careful deliberation, the court finds that Defendant has failed to meet his burden on this third condition for a sentence reduction.

D.    **Conclusion**

Defendant has not met his burden of demonstrating § 3582(c)(1)(A)'s conditions for obtaining a sentence reduction.  He, thus, is not entitled to compassionate release.

### III. ORDER

For the foregoing reasons, it is ORDERED that Defendant's motion for compassionate release (Doc. # 53) is DENIED.

DONE this 28th day of January 22, 2022.

                              /s/ W. Keith Watkins
                         UNITED STATES DISTRICT JUDGE